■ 26 ADAR N.B. CORP., Respondent, v STEWART TITLE INSURANCE COMPANY, Appellant. [610 NYS2d 7] —Appeal from the order, Supreme Court, Kings County (Irving Aronin, J.), entered on January 13, 1992, which, *inter alia,* granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment, is dismissed as superseded by appeal from the order, same court and Justice, entered on or about December 3, 1991. Order, Supreme Court, Kings County (Irving Aronin, J.), entered on or about December 3, 1991, *inter alia* which denied defendant's motion to renew and reargue, unanimously affirmed, with costs.

An insurer's duty to defend is " 'exceedingly broad' "; broader than the duty to indemnify, it arises "whenever the four corners of the complaint suggest * * * a reasonable possibility of coverage" *(Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 648). Defendant urges, in effect, the novel theory that an insured is required to divulge to the title insurance company any possible "controversy" surrounding the property that might conceivably ripen into a title claim some time in the future. However, a title insurance policy is voidable for concealment only if the defects concealed are material, and not readily ascertainable by examination of the

public records *(Smirlock Realty Corp. v Title Guar. Co.,* 52 NY2d 179, 189-190). Therefore, the Supreme Court properly found that defendant failed to establish that plaintiff had committed any intentional concealment or other misconduct that would relieve the title insurer of having to defend its insured against the attack on its title to the subject property. Concur—Carro, J. P., Rosenberger, Ross, Asch and Tom, JJ.